IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| C. Holmes, *a/k/a Cynthia Holmes,* *a/k/a Cynthia Holmes, M.D., a/k/a* *Cynthia Collie Holmes*,<br><br>Plaintiff,<br><br>v.<br><br>Granuaile LLC; J.P. Walsh, *individually and as related to Granuaile LLC*; L. Walsh, *individually and as related to Granuaile LLC*,<br><br>Defendants. | Civil Action No. 2:20-1748-BHH<br><br>**ORDER** |

This matter is before the Court upon Plaintiff Cynthia Holmes' ("Plaintiff") pro se complaint. In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), the matter was referred to a United States Magistrate Judge for preliminary review.

On August 5, 2020, Magistrate Judge Molly H. Cherry issued a Report and Recommendation ("Report") outlining the issues and recommending that the Court summarily dismiss Plaintiff's complaint without prejudice. In her Report, the Magistrate Judge explained that this action is barred by the doctrine of *res judicata* based on the final judgment in a prior action filed by Plaintiff against the same parties and alleging the same claims. *See Holmes v. Granuaile LLC, et al.*, No. 2:16-cv-3969-BHH, 2019 WL 350391 (D.S.C. Jan. 29, 2019), *aff'd*, 778 F. App'x 222 (4th Cir. 2019). Attached to the Magistrate Judge's Report was a notice advising Plaintiff of the right to file written objections to the Report within fourteen days of being served with a copy. To date, no objections have been

filed.

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of specific objections, the Court reviews the matter only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

Here, because no objections were filed, the Court has reviewed the record, the applicable law, and the findings and recommendations of the Magistrate Judge for clear error. Finding none, the Court adopts and incorporates the Magistrate Judge's Report (ECF No. 17), and this action is dismissed as frivolous.

**AND IT IS SO ORDERED.**

/s/Bruce H. Hendricks
The Honorable Bruce Howe Hendricks
United States District Judge

August 27, 2020
Charleston, South Carolina

2