IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| C. Holmes, *a/k/a Cynthia Holmes,* *a/k/a Cynthia Holmes, M.D., a/k/a* *Cynthia Collie Holmes*,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Granuaile LLC; J.P. Walsh, *individually and as related to Granuaile LLC*;<br>L. Walsh, *individually and as related to Granuaile LLC*,<br><br>　　　　　Defendants.<br>_____ | Civil Action No. 2:20-1748-BHH<br><br>**<u>ORDER</u>** |

　　This matter is before the Court upon Plaintiff Cynthia Holmes' ("Plaintiff") pro se complaint. In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), the matter was referred to a United States Magistrate Judge for preliminary review.

　　On August 5, 2020, Magistrate Judge Molly H. Cherry issued a Report and Recommendation ("Report") outlining the issues and recommending that the Court summarily dismiss Plaintiff's complaint without prejudice. In her Report, the Magistrate Judge explained that this action is barred by the doctrine of *res judicata* based on the final judgment in a prior action filed by Plaintiff against the same parties and alleging the same claims. *See Holmes v. Granuaile LLC, et al.*, No. 2:16-cv-3969-BHH, 2019 WL 350391 (D.S.C. Jan. 29, 2019), *aff'd*, 778 F. App'x 222 (4th Cir. 2019) (hereinafter referred to as "the prior action"). Attached to the Magistrate Judge's Report was a notice advising Plaintiff of the right to file written objections to the Report within fourteen days of being

served with a copy. Due to an inadvertent oversight in the Clerk's Office, Plaintiff's objections were not electronically filed until August 31, 2020, although they were received on August 21, 2020. (*See* ECF No. 23.) On August 27, 2020, the Court issued an order adopting the Magistrate Judge's Report without objection. However, once the Court learned of the error in the late filing of Plaintiff's objections, the Court promptly vacated its order adopting the Report and reopened the matter for consideration of Plaintiff's objections. In the meantime, Plaintiff filed a Rule 59(e) order, which the Court now finds moot based on the Court's oral order vacating the Court's prior written order. (*See* ECF No. 24.)

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

In her objections to the Magistrate Judge's Report, Plaintiff first repeats largely irrelevant portions of previous filings from both this case and from other cases she has filed in this Court. Next, however, Plaintiff raises specific objections to the Magistrate Judge's Report. First, Plaintiff asserts that the Court should wholly disregard the dismissal of her prior action, *see* No. 2:16-cv-3969-BHH, upon which the Magistrate Judge relies in finding that this action is barred by the doctrine of *res judicata.* In support, Plaintiff asserts that the

2

nuisance cause of action is continuing and ongoing and that, therefore, she is not barred from filing a new claim. In addition, Plaintiff asserts that she did not consent to the referral of this matter to a Magistrate Judge, and she claims that the Magistrate Judge lacks jurisdiction to consider the matter. Plaintiff also objects to the Magistrate Judge's conclusion that this action is frivolous, and she objects to a number of the citations included in the Magistrate Judge's Report. Overall, Plaintiff contends that there was no determination on the merits in the prior action and that *res judicata* therefore does not apply; that her cause of action is ongoing and covers a different time period after the conclusion of her former action; and that this action presents a new nuisance cause of action as a matter of law.

After a thorough review of Plaintiff's objections, the Court finds them wholly without merit. As the Magistrate Judge explained, there was a final judgment on the merits in the prior action as the Court granted summary judgment in favor of the defendants in the prior action. Moreover, despite Plaintiff's arguments to the contrary, the Court notes that Plaintiff's complaint in this action is virtually identical to her amended complaint in the prior action, and the Court fully agrees with the Magistrate Judge that the causes of action in the lawsuit are the same as those adjudicated in the prior action. In addition, this action involves the same parties as the prior action. Accordingly, the Court finds no merit to Plaintiff's objections, and, for the same reasons set forth by the Magistrate Judge, the Court finds that this action is barred by the doctrine of *res judicata* and is subject to summary dismissal without prejudice.

## **CONCLUSION**

Based on the foregoing, it is hereby **ORDERED** that the Magistrate Judge's Report (ECF No. 17) is adopted and specifically incorporated herein; Plaintiff's objections (ECF No. 22) are overruled; Plaintiff's Rule 59(e) motion (ECF No. 28) is denied as moot; and this action is summarily dismissed without prejudice.

**AND IT IS SO ORDERED.**

/s/Bruce H. Hendricks
United States District Judge

December 15, 2020
Charleston, South Carolina